IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION

| | |
|---|---|
| Isaac T.L. Gould, Sr., | ) |
| | ) **ORDER RE § 1915A** |
| Plaintiff, | ) **SCREENING** |
| | ) |
| vs. | ) |
| | ) |
| State of North Dakota, W.C.C.C., and | ) |
| Fairlight Medical, | ) Case No. 4:14-cv-018 |
| | ) |
| Defendants. | ) |

Plaintiff, Isaac T.L. Gould, Sr. ("Gould"), is a pretrial detainee at the Williams County Correctional Center ("WCCC"). He initiated the above-entitled action against the WCCC, the Fairlight Medical Center, their respective staffs, and the State of North Dakota with the submission of a *pro se* complaint on February 19, 2014. This matter is now before the court for review as mandated by 28 U.S.C. §1915A.

## I.   BACKGROUND

Gould claims that staff at the WCCC exhibited deliberate indifference to his medical needs. Additionally, he accuses staff at both the WCCC and Fairlight Medical Center of gross negligence. Specifically, he asserts:

> Became incarcerated August 8, 2013. Saw Dr. Carbonell (contract Dr from Fairlight Medical) for right foot, back, r-hip, left ribs. He stated "this is not a treatment facility." I, did submit a Step-1 Grievance in regards to those issues and what he said, never received a response; I wasn't documenting nearly as well then as I did not foresee all the upcoming hidden medical problems (inner jail). My right foot re-broke from not having appropriate footwear and is still broken and is becoming even more and more painful after being forced to walk on it broken for approximately (5 months). Current pediatrist says looks like a non-union, I told him previous pediatrist showed me progressive x-rays proving union. Current pediatrist is Dr. Guy K. Slann and previous pediatrist was Dr. Tello. I also told Dr. Guy K.

1

Slann that it probably looks as bad from walking on it broken for months. Im still waiting for right foot to be fixed. Right hip, back, and left ribs still haven't been tended to.
1-29-14: Submitted a medical request for right hand stating third digit is broken or displaced. Still hadn't seen a doctor by 2-1-14 nor been taken to hospital.

* * *

I have asked W.C.C.C. staff to help with multiple medical issues and they always say it's gonna go thru the system or ask the lieutenant. The doctors, nurses and physician assistants have written medical orders that the lieutenant and his staff override, deny subjecting plaintiff to undue pain and suffering which is cruel and unusual punishment; said plaintiff also now has severe bone damage in right foot, permanent of third digit, right hand also for which he has not been offered adequate timely medical services to avoid permanent disfigurement, nerve damage, loss of use of dominant hand which was to serve his soul livelyhood in suport-ing and taking care of his wife and five children. Lieutenant has medical bills forwarded or billed to inmates while ward of the jail. D.O.C.R. facility inspector has received numerous e-mails/complaints on W.C.C.C. on behalf of all inmates and myself. Mr. Steve Engen came one time, talked a little bit and told me my wife is a lier. He has not done an follow or make any changes here. Plaintiff has filled out numerous requests, grievance forms to which has had no reply or positive results, if any thing plaintiff has been subjected to even more prolonged pain and suffering and cruel and unusual punishment.

* * *

Plaintiffs pain and suffering have increasingly gotten worse with signs on nerve damage and partial limb disfigurement/loss. This is clearly gross-negligence on part of Williams County Corrections Center and staff along with Fairlight Medicals Doctor Carbonell. And to wit is demonstrated a severe lack of responsibility and competence to maintain a high or even common regard for another human beings life.

* * *

Pain is continual which in petitioners case he has thus far proven he has been unable to remedy thru set forth appropriate procedures provided by W.C.C.C. and staff. Due to W.C.C.C. staffs' bold disregard for another human beings' life and well-being. This too would be construed as a severe open neglect of and violation of N.D.C.C. 12-47-26: uniformly, kindly treatment of inmates; no corpal or other painful or unusual punishment shall be inflicted upon the inmates of the penitentiary for violation of the rules and regulations.

2

(Docket No. 6) (errors in original).

Gould seeks $50 million in damages, reimbursement for future medical expenses, his immediate release from state custody on a personal recognizance bond, and a pretrial diversion. He also asks the court to initiate a federal investigation of WCCC staff, order WCCC staff to submit to psychological evaluations, and suspend the WCCC's captain and lieutenants for six months without pay.

## II. REQUIREMENT FOR INITIAL REVIEW

When a prisoner seeks to sue a governmental entity, officer, or employee, 28 U.S.C. § 1915(A) requires that the court to conduct an early screening of the complaint to weed out claims that clearly lack merit. In conducting the screening required by 28 U.S.C. § 1915A, the court is required to identify any cognizable claims and to dismiss the complaint, or any part of it, that is frivolous, malicious, fails to state a claim, or seeks monetary relief from an immune defendant. See also Jones v. Bock, 549 U.S. 199, 202-03 (2007); Woodford v. Ngo, 548 U.S. 81, 83-84 (2006).

## III. DISCUSSION

In this case, Gould seeks relief pursuant to 42 U.S.C. § 1983 for alleged constitutional violations on the part of the defendants. There are a number of problems, however, with Gould's complaint with respect to claims he is attempting to make, the parties he is attempting to sue, and the relief that he seeks.

### A. Claims of gross negligence

"Pretrial detainees have a right under the Fourteenth Amendment to adequate medical treatment, a right that is analogous to the right of prisoners under the Eighth Amendment." Estate of Carter v. City of Detroit, 408 F.3d 305, 311 (6th Cir. 2005); Fourte v. Faulkner County, Ark., No.

3

13-2241, __ F.3d __, 2014 WL 1193457, at **2-4 (8th Cir. Mar. 25, 2014) ("Fourte"). However, this constitutional right is only violated if the person who is being sued has acted with deliberate indifference to the serious medical needs of the pretrial detainee. See id. To sustain a claim of deliberate indifference, defendant, the pretrial detainee must show: "that [he] suffered [from] objectively serious medical needs and (2) that the prison officials actually knew of but deliberately disregarded those needs. * * * * Deliberate indifference is more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation." Fourte, 2014 WL 1193457, at *2 (internal quotations and citations omitted).

In this case, the only allegations being made against the Fairlight Medical Center and its staff (including Dr. Carbonell) are that they were grossly negligent, which is not enough to make out a claim of constitutional violation under the foregoing authority. For these reasons, Gould will not be permitted to proceed against the Fairlight Medical Center and its staff.

**B.   Claim of deliberate indifference to serious medical needs**

Gould asserts that WCCC staff have failed to make available treatment for his various injuries and have otherwise ignored his pain complaints. He further asserts that he suffered nerve damage and disfigurement as a result. Giving Gould some leeway because he his proceeding *pro se*, these allegations are arguably sufficient to support a claim for damages for deliberate indifference.

The problem with these allegations, however, is that Gould has failed to name a proper party defendant. Simply referring to "staff" is not enough. Also, the WCCC is not a proper party defendant. This is because correctional facilities are generally not considered an entity amenable

4

to suit under § 1983. See De La Garza v. Kandiyohi County Jail, Corr. Inst., No. 01-1966, 2001 WL 987542, at *1 (8th Cir. Aug. 30, 2001) (unpublished per curiam opinion) (affirming the district court's dismissal of an inmate's suit against a county jail and county sheriff's department); see also Barnes v. Cuyahoga County Jail, No. 1:09CV2671, 2010 WL 148136, at *1 (N.D. Ohio Jan. 12, 2010) ("In order to state a claim under § 1983, the plaintiff must show that the alleged violation was committed by a person acting under color of state law. A jail is a building wherein prisoners are held and is not a person. Therefore, a jail is not a legal entity amenable to suit under 42 U.S.C. § 1983." (internal citations omitted)); Arwood v. Bradley County Jail, No. 1:07-cv-156, 2007 WL 3120866, at * 2 (E.D. Tenn. Oct. 23, 2007) ("The Jail is not a municipality, but rather, a building in the county and, as such, is not a separate legal entity which can be sued. Therefore, the Jail is not a 'person' within the meaning of § 1983."); Powell v. Cook County Jail, 814 F. Supp. 757, 758 (N.D. Ill. 1993) ("Section 1983 imposes liability on any 'person' who violates someone's constitutional rights 'under color of law.' Cook County Jail is not a 'person'—it is not a legal entity to begin with."); McCoy v. Chesapeake Correctional Center, 788 F.Supp. 890, 894 (E.D. Va.1992) (concluding that local jails in Virginia are not considered persons under § 1983); Brooks v. Pembroke City Jail, 722 F.Supp. 1294, 1301 (E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."). Most likely, a proper defendant in place of WCCC for any suit for damages would be Williams County.

### C. Problems with the party defendants

The problems with Gould proceeding against the Fairlight Medical, the WCCC, and their respective "staffs" have already been addressed. As for the State of North Dakota, it is not amendable to a suit for damages because of its immunity under the Eleventh Amendment. See

Quern v. Jordan, 440 U.S. 332 (1979); Edelman v. Jordan, 415 U.S. 651 (1974); Monroe v. Ark. State Univ., 495 F.3d 591, 594 (8th Cir. 2007).  In addition, the non-monetary relief that Gould seeks against the State of North Dakota cannot be granted as a matter of law for reasons discussed in the next section.  Hence, Gould has no claim against the State of North Dakota that he can bring in this court.

### D. Remedies

#### 1. Release from custody and ordering pretrial diversion

This court lacks the authority to order pretrial diversion under any circumstances.  As for an order directing release from pretrial custody, it is difficult to envision a circumstance where a federal court would conclude that it would be justified because of the policy of non-interference in state-court criminal proceedings.  Cf. Younger v. Harris, 401 U.S. 37, 43-44 (1971).  In any event, it would take an extreme circumstance of an ongoing violation and no other remedy being available, which Gould has not established by his pleadings exists here.

#### 2. Request for Federal Investigation

Gould also demands that the court order an investigation of WCCC staff.  However, it is well-settled that private citizens have no constitutional or other right to right to a criminal investigation.  Mitchell v. McNeil, 487 F.3d 374, 378 (6th Cir. 2007) ("There is no statutory or common law right, much less a constitutional right, to an investigation."); Koger v. Florida, 130 Fed. App'x 327, 335, 2005 WL 1027204, at *6 (11th Cir. May 3, 2005) (opining that a "plaintiff had no substantive due process right to an investigation of a constitutional claim by a sheriff's office"); cf. Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another"); Dohaish v. Tooley, 670 F.2d

934, 935 (10th Cir. 1982); Fulson v. City of Columbus, 801 F. Supp. 1, 6 (S.D. Ohio 1992) ("Thus, courts have generally declined to recognize standing on the part of victims of crimes to bring a § 1983 action based upon lack of prosecution of others.").

### 3. Request for reprimand and psychological evaluations of WCCC staff

In addition to requesting an investigation, Gould demands that certain WCCC staffers be suspended for a period of six months, stripped of their benefits, and ordered to submit to psychological testing. There simply is no authority for the granting of such relief for a violation of § 1983 because, among other things, the administration of detention centers is not within the province of the courts. Cf. Turner v. Safley, 482 U.S. 78, 85 (1987).

### E. SUMMARY

In summary, the only cognizable constitutional claim for relief that appears has been pled is one of alleged deliberate indifference to medical needs in violation of the Fourteenth Amendment. And, with respect to that claim, Gould needs to pursue it against a party that is subject to suit for damages, such as, perhaps, Williams County.

## IV. CONCLUSION

As presently framed, this action must be dismissed without prejudice unless Gould files an amended complaint by May 14, 2014, that addresses the problems set forth above. If an amended complaint is filed, it will be subject to an additional §1915A screening. If Gould does not file an amended complaint by May 15, 2014, this action shall be dismissed without prejudice.

**IT IS SO ORDERED.**

Dated this 10th day of April, 2014.

*/s/ Charles S. Miller, Jr.*
Charles S. Miller, Jr., Magistrate Judge
United States District Court