**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION**

| | | |
|---|---|---|
| Isaac T.L. Gould, Sr. and Dwayne A. Cox, | ) ) ) | |
| Plaintiffs, | ) ) | **ORDER RE § 1915A SCREENING OF AMENDED COMPLAINT** |
| vs. | ) ) ) | |
| Williams County (Sheriff), Scott Bushing, (Lieutenant) Royce Crones, and (Doctor) Antonio Carbonell, | ) ) ) ) | Case No. 4:14-cv-018 |
| Defendants. | ) | |

On May 12, 2014, plaintiff, Isaac T.L. Gould, Sr. ("Gould"), filed an amended complaint which is now subject to review as mandated by 28 U.S.C. §1915A.

I. **BACKGROUND**

Gould initiated the above-entitled action against the WCCC, the Fairlight Medical Center, their respective staffs, and the State of North Dakota on February 18, 2014, with the submission of a *pro se* complaint and application to proceed *in forma pauperis*. In his complaint he asserted claims of gross negligence and deliberate indifference to his serious medical needs. He requested $50 million in damages, reimbursement for future medical expenses, his immediate release from state custody on a personal recognizance bond, and a pretrial diversion. He also asked the court to initiate a federal investigation of WCCC staff, order WCCC staff to submit to psychological evaluations, and suspend the WCCC's captain and lieutenants for six months without pay.

The court granted Gould's application to proceed *in forma pauperis* and directed the Clerk's office to file the complaint. Upon screening the complaint as mandated by 28 U.S.C. § 1915(A),

1

the court concluded that Gould's claim of gross negligence claim was not cognizable under § 1983. With respect to Gould's claim of deliberate indifference, the court concluded that he had failed to name a proper party defendant. As for Gould's prayer for relief, the court advised Gould that he had no constitutional right to a criminal investigation and that the court was precluded from granting him a pretrial diversion, ordering his release from state custody, reprimanding WCCC staff, or ordering a criminal investigation of WCCC staff. To afford Gould an opportunity to address his complaint's deficiencies, the court granted Gould leave to file an amended complaint.

On May 12, 2014, Gould filed an amended complaint naming Dwayne A. Cox ("Cox") as an additional plaintiff and substituting Williams County, Sheriff Scott Bushing, Lieutenant Royce Crones, and Dr. Antonio Carbonell as party defendants. He asserts:

> Claim No. 1: Deliberate indifference by Dr. Antonio Carbonell, Lieutenant Royce Crones, Sheriff Scott Bushing. Plaintiff submitted medical request for attention to address medical needs to which Doctor Carbonell replied "This is not a treatment facility," and plaintiff didn't receive proper or needed medical attention.
>
> * * *
>
> Claim No. 2: Reckless or callous indifference: In March 2014 Officer Scott Enget and Plaintiff Gould returned from Dr. appt for Plaintiff with Dr. Roxanne Keene. Dr. ordered physical therapy. Officer Enget informed Lieutenant Crones (upon return from Dr.) that Dr. ordered physical therapy. Lieutenant was going to get taken care of, ordered Officer Enget to put papers on Lieutenant desk. Plaintiff has not been in for P.T.; Lieutenant has subjected plaintiff to more physical harm . . . .
>
> * * *
>
> Claim No. 3: Reckless or Callous Indifference: On April 2, 2014 Sheriff Scott Bushing came back to speak with inmate Dwayne Cox and Plaintiff. Srg. Ken Stenberg was with Sheriff Bushing. During this meeting Plaintiff tried to give a copy of Dr. Guy Slann's surgical recommendation to which Sheriff Bushing refused. Sheriff Bushing refused to take either Plaintiff's paper or Dwayne A. Cox's pertaining to his medical needs too . . . .
>
> Both Plaintiff(s) attempted to give to Sheriff Scott Bushing paperwork documenting

2

or further substantiating their medical concerns. Sheriff Bushing rejected. And said he would look at the next day we met to go see doctor to see "exactly what it is "you think you need" quote. Plaintiff(s) have yet for this follow-up meeting with medical and Sheriff present to come to be and todays date 5-6-14 . . . . Sheriff seemed rather irritated at the whole scheme of things and being called at his home the evening before by Plaintiff(s) and the morning of 4-2-14 by Plaintiff Gould mother and wife at work. Plaintiff Cox commented/asked to who next higher authority to complain to would be, to which Sheriff Bushing replied that he was it and there is no higher. . . . Both Plaintiff(s) medical conditions are becoming worse . . . . Officer placing Mr. Wade in a situation the guard knew was likely to expose him to serious physical injury or harm . . . .

\* \* \*

Claim No. 4: Deliberate, reckless or callous indifference: On part of Lieutenant Royce Crones by not addressing or providing medical treatment(s) knowingly called for or ordered by doctors and/or physicians. Dr. Blomquist even wrote her recommendation for a medical release from W.C.C.C. for Plaintiff to be afforded the opportunity to seek out and obtain proper medical treatment to worsening condition of both right foot and hand. No change in status except more pain. Because pain meds been decreased.

\* \* \*

Claim No. 5: Reckless or Callous Indifference, emotional due to Plaintiff not receiving surgery and physical therapy "serious medical condition(s)" of Plaintiff Gould are and have become worse. Plaintiff is unable to exercise at will as other are able to or as he would like to. Plaintiff's health is deteriorating due to lack of cardio and other exercise becoming not only a physical health concern but a mental health stressor or concern for what percentage of recover for both right hand and right foot will be after so long without proper follow-up treatments as per Dr recommendations. Plaintiff is a mechanic by trade and has partial loss of right hand along with deformity. Is a severe mental concern as it's his sole livelyhood way of providing for his family.

\* \* \*

Claim No. 6: Deliberate, Reckless or Callous Indifference Plaintiff(s) Cox and Gould had spoken with Sheriff Bushing on inmate phone (Plaintiff Cox spoke to Sheriff Bushing) concerning medical issues already diagnosed by doctors and or physician assistant(s). Sheriff Scott Bushing told Plaintiff Cox to write up a letter with all his medical concerns and to have other inmates do the same and submit into inmate mail system and said he would come back and talk to Plaintif and other inmates the next day. On 4-2-14 Sherif Scott Bushing came back to hear Plaintiff(s)

3

> Cox and Gould's concerns. Sheriff Bushing told Plaintiff(s) he would go to the doctor the next day to personally with Plaintiff(s) to see "what exactly it is you think you need." Sherif Bushing still has failed to follow-up with action on his word to make sure he and Plaintiff(s) saw doctor together . . . .

(Docket No. 12) (errors in original) (internal citations omitted). In his prayer for relief he requests $10 million compensatory damages and $500,000 in punitive damages from each defendant.

## II. REQUIREMENT FOR INITIAL REVIEW

When a prisoner seeks to sue a governmental entity, officer, or employee, 28 U.S.C. § 1915(A) requires that the court to conduct an early screening of the complaint to weed out claims that clearly lack merit. In conducting the screening required by 28 U.S.C. § 1915A, the court is required to identify any cognizable claims and to dismiss the complaint, or any part of it, that is frivolous, malicious, fails to state a claim, or seeks monetary relief from an immune defendant. See also Jones v. Bock, 549 U.S. 199, 202-03 (2007); Woodford v. Ngo, 548 U.S. 81, 83-84 (2006).

## III. DISCUSSION

### A. Cox's Claims

The amended complaint as it pertains to Mr. Cox is subject to dismissal. Mr. Cox was not originally part of this action and has neither paid the requisite filing fee nor sought leave to proceed *in forma pauperis*. Moreover, his claims are not only conclusory but have no relationship to the claims asserted by Gould.[1] Thus, he is not properly part of this action. If he wants to pursue his claims, he can file his own complaint in accordance with the requirements of the Prison Litigation

---

[1] The amended complaint neither identifies the condition for which Cox purportedly requires treatment nor explicitly asserts that Cox has been denied treatment and suffered any injury as a result.

Reform Act.

B. Gould's Claims

Gould amended complaint fails to allege facts plausibly suggesting that Dr. Carbonell was deliberately indifferent to his serious medical needs. The sole basis for Gould's claim of deliberate indifference against Dr. Carbonell is a five word statement allegedly made by Dr. Carbonnell in response to his request for treatment. Notably, the complaint is silent with respect to the exact nature of treatment requested, when the request was communicated to Dr. Carbonell, and where the request was made. Without some context, one cannot discern whether the statement attributed to Dr. Carbonell constituted an outright refusal to treat Gould or was meant to convey the fact that the facility (presumably the WCCC) was not equipped to provide the requested treatment.

As for Gould's claim of deliberate indifference against the other defendants, his allegations are arguably sufficient to support a single claim as opposed to six.[2] Having reviewed this claim, the court is not prepared to conclude at this point that no claim for relief for alleged deliberate indifference against Williams County, Sheriff Bushing, and Lieutenant Croning has been stated.

IV. **CONCLUSION**

Mr. Cox's claims against defendants are **DISMISSED** without prejudice. Gould's claim against Dr. Carbonell is likewise **DISMISSED** without prejudice. Gould may proceed with this claim of deliberate indifference against the remaining defendants. The Clerk's office shall effectuate service of the summons and complaint along with a copy of this order upon Defendants Williams County, Sheriff Scott Bushing, and Lieutenant Royce Crones, in accordance with Rule 4 of the

---

[2] In each of his six claims he ostensibly complains about the same thing–Sheriff Bushing's and Lieutenant Crones's responsiveness or lack thereof to his medical needs. Together these allegations constitute the basis for a single claim for relief.

Federal Rules of Civil Procedure. If necessary, service shall be made by the United States Marshals Service.

**IT IS SO ORDERED.**

Dated this 23rd day of May, 2014.

*/s/ Charles S. Miller, Jr.*
Charles S. Miller, Jr., Magistrate Judge
United States District Court