IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION

| | | |
|---|---|---|
| Isaac T.L. Gould, Sr., | ) | |
| | ) | |
| Plaintiff, | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| vs. | ) | |
| | ) | |
| Williams County, Sheriff Scott Bushing, | ) | |
| and Lieutenant Royce Crone, | ) | Case No. 4:14-cv-018 |
| | ) | |
| Defendants. | ) | |

Before the court is plaintiff's motion for leave to amend his pleadings and for the issuance of a preliminary injunction. For the reasons set forth below, the undersigned recommends that the motion be denied.

I. **BACKGROUND**

Plaintiff, a pretrial detainee at the Williams County Correction Center ("WCCC"), alleged in his amended complaint that defendants have ignored his various pain complaints and otherwise denied him surgery to replace a metal plate that was previously inserted into his right foot in order to stabilize a fracture. Attached as Exhibit B to the amended complaint was the following letter sent by plaintiff's podiatrist, Dr. Guy K. Slann, to plaintiff's criminal defense attorney in February 2014:

> As you are the attorney representing the interests of my patient, Isaac T.L. Gould, I am writing to you to explain his medical requirements specifically on his right foot. I am a podiatrist and therefore any medical concerns that do not involve the leg, ankle and/or foot are not treated by me.
> Mr. Gould related that he suffered a fracture of the right 2nd metatarsal bone in approximately 1996. The fracture went untreated surgically until either 1999 or 2000. Surgery was again performed in 2006 or 2007.
> My examination reveals that Mr. Gould has a plate and 4 screws fixated to his right 2nd metatarsal. X-rays reveal that there is a non-union of the bone directly inferior to the midpoint of the plate. Therefore, the bone is primarily being kept in

1

     alignment by the hardware as it is fractured. It is unclear how long the bone can be maintained in alignment with the hardware intact as there is movement at this fracture site. The movement of the bone and hardware as well as the inability of the bone to bear weight is causing Mr. Gould pain.

     Surgical treatment is recommended. Surgery is likely to consist of removal of the hardware, debridement of the proximal and distal fracture sites, implantation of bone graft and fixation with a new plate and screws. While the skin and soft tissue would be expected to heal within two or three weeks, the bone could easily take six to eight weeks to heal if there are no complications. During this period, Mr. Gould will need to be non-weight bearing on his right foot.

     Williston, North Dakota is not an ideal location for surgery. If done in Williston, the location would be Mercy Medical Center. The necessary hardware and bone graft would need to be procured and placed into inventory for use in the surgery. A Mercy patient financing adviser has explained to me that the patient would need to apply for financial approval of the surgery before I could perform it or have them order any necessary items. Additionally, should there be any complications, such as a post-operative infection it may be necessary to consult with an infectious disease doctor. There is no infectious disease specialist in Williston. Should soon a scenario occur it may be necessary to transport Mr. Gould to another location where he can receive necessary evaluation and treatment.

(Docket No. 12-2).

On October 2, 2014, plaintiff filed a motion seeking: (1) leave to further amend his complaint to assert a conspiracy claim against Breanna Paulson, a contracted medical provider at WCCC; and (2) the issuance of a preliminary injunction requiring defendant to provide him with the surgery recommended by Dr. Slann. He contemporaneously filed for the court's consideration a document in which he proposed that the court enjoin defendants from denying him requested medical treatments and from engaging in perceived retaliatory measures such as losing his mail, opening his legal mail, denying him access to self-help groups and educational opportunities, unnecessarily moving him within the WCCC, and denying him access to books and periodicals.

## II. DISCUSSION

### A. Motion to Further Amend the Pleadings

Plaintiff seeks leave to join Paulson as a defendant in this action. He described the basis for his proposed claim against Paulson as follows:

> Plaintiff also petitions the court to add, W.C.C.C. contracted medical provider, Breanna Paulson as a defendant on account of acting "in concert" with defendant...to delay, refuse interfere with adequate medical care and acting with "deliberate indifference" towards Plaintiffs serious medical needs.
>
> * * *
>
> Plaintiffs serious medical needs have not been treated with the necessary adequate medical care, being surgery and physical therapy by defendants and Breanna Paulson.
>
> * * *
>
> Breanna Paulson acting in concert with non-medical officials . . . are still acting with "deliberate indifference" towards plaintiffs serious medical needs by ignoring, delaying or, refusing to provide necessary adequate medical care ordered for surgery and treatments.
>
> * * *
>
> Breanna Paulson made comment about how some people try to come into institutions and use it for medical care. She also delayed treatment for scalp rash for about five weeks because she was "encouraging family to bring medicated shampoo since they live in town." Stereotyping, discrimination, and deliberate indifference towards plaintiffs serious medical needs is written all over that along with the fact of orthopedic/pediatrists orders for surgery and physical therapy are being delayed, refused ignored and treated with "deliberate indifference."

(Docket No. 41) (errors in original).

Defendants respond that plaintiff's request should be denied on account of the fact that he did not submit a proposed second amended complaint for review. See Popoalli v. Corr. Med. Servs. 512 F.3d 488, 497 (8th Cir. 2009). Additionally, they aver that plaintiff's request may otherwise

be denied on grounds of futility as his proposed claim would not survive a motion to dismiss.

Fed. R. Civ. P. 15(a) provides in relevant part that leave to amend the pleadings "shall be freely given when justice so requires." Notwithstanding the liberalty of this general rule, it is generally left to the court's discretion whether to grant leave to amend the pleadings. Gamma-10 Plastics, Inc. v. American President Lines, Ltd., 32 F.3d 1244, 1255 (8th Cir. 1994). Unless there is a good reason for denial, such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment, leave to amend is generally granted. Becker v. Univ. of Nebraska at Omaha, 191 F.3d 904, 908 (8th Cir. 1999) ("Likelihood of success on the new claim or defenses is not a consideration for denying leave to amend unless the claim is clearly frivolous.").

"With respect to an amendment being futile, 'a district court may properly deny a motion to amend if the amended pleading would not survive a motion to dismiss.'" Oladokun v. Corr. Treatment Facility, 5 F.Supp. 3d 7, 13 (D.D.C. 2013) (quoting In Re Interbank Funding Corp. Sec. Litig., 629 F.3d 213, 218 (D.C. Cir. 2010)). "Therefore, in assessing an argument that an amendment would be futile, the court must assess the proposed amendments under the same standard as would be applied to a motion to dismiss." Id.

The Federal Rules of Civil Procedure require that a complaint contain a short and plain statement of the claim. See Fed. R. Civ. P. 8(a)(2); see also Erickson v. Pardus, 551 U.S. 89, 93 (2007). A complaint that merely pleads "labels and conclusions," or a "formulaic recitation" of the elements of a cause of action, or "naked assertions" devoid of factual enhancement will not suffice, however. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted

as true, to state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678, 129(internal quotation marks omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are therefore insufficient to withstand a motion to dismiss. Id. A court need not accept a plaintiff's legal conclusions as true, id., nor must the court presume the veracity of legal conclusions that are couched as factual allegations. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). And, although *a pro se* complaint is "held to less stringent standards than formal pleadings drafted by lawyers," Erickson, 551 U.S. at 94, it too, "must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct,'" Atherton v. District of Columbia Office of the Mayor, 567 F.3d 672, 681–82 (D.C. Cir. 2009) (quoting Iqbal, 556 U.S. at 678–79); see also Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004) (although liberally construed, pro se complaint must still allege sufficient facts to support claim advanced).

Here, plaintiff's conclusory assertion that Paulson is acting in concert with other defendants to deny him treatment is not sufficient to state a claim. Cf. Ruttenberg v. Jones, 283 Fed. App'x, 121 (4th Cir. 2008) ("The complaint makes the bare, conclusory allegation that the defendants conspired to violate his constitutional rights and that the conspiracy culminated in the fabricated testimony. No common purpose is alleged and nothing beyond conclusory allegations of conspiracy are made. We therefore affirm the dismissal of the § 1983 conspiracy claim." (Internal citations and quotation marks omitted)); Merrit v. Hawk, 153 F.Supp.2d 1216, 1225 (D. Colo. 2001) (opining that "conclusory allegations that defendants acted 'in concert', or 'conspired' without specific factual allegations to support such asserts are insufficient" to the constitute a viable Bivens claim); Custard v. Turner, No. 06-CV-01036, 2007 WL 2872436, at ** 7-8 (D. Colo. Sept. 26, 2007) (same); see also Luttrell v. Grote, No. 10-3137, 2011 WL 6122359, at * 7 (D. Kan. Dec. 8, 2011) (denying

5

plaintiff's motion to amend pleadings on account of his failure to frame his proposed complaint with enough factual matter to state a plausible claim for relief); Horn v. Bay County Sheriff's Dept., No. 07-10116, 2007 WL 3036745, at *3 (E.D. Mich. Oct. 16, 2007) (denying in part a prisoner's motion to amend his complaint to assert a claim that unnamed defendants had acted "in concert or participation" with named defendants).[1] Consequently, plaintiff's motion to amend to assert claims against Paulson should be denied.

### B. Motion for the Issuance of a Preliminary Injunction

"A court issues a preliminary injunction in a lawsuit to preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the lawsuit's merits." Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994). "[W]hether a preliminary injunction should issue involves consideration of (1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury that granting the injunction will inflict upon other parties litigant; (3) the probability that [the] movant will succeed on the merits; and (4) the public interest." Goff v. Harper, 60 F.3d 518, 520 (8th Cir. 1995) (quoting Dataphase Systems, Inc. v. C.L. Sys, Inc., 640 F.2d 108, 114 (8th Cir. 1981) (*en banc*)).

Because plaintiff is the one seeking an preliminary injunction, he bears the burden of satisfying the aforementioned factors and demonstrating that the issuance of a preliminary injunction is necessary. See Baker Electric Co-op, Inc. v. Chaske, 28 F.3d 1466, 1472 (8th Cir. 1994); see also

---

[1] Plaintiff also claims Paulson delayed treating scalp rash with medicated shampoo in hopes that family members would provide medicated shampoo. It is unclear from what plaintiff stated whether he was referring to himself or other prisoners. But, in any event, even if true and even if it was with respect to him, it does not constitute a basis for a cognizable claim under § 1983 as there is nothing in his submissions to even remotely suggest that he suffered an actual injury as a result as a result of any alleged delay. See White v. Holmes, 21 F.3d 277, 281 (8th Cir. 1994) ("[w]hile a serious injury is not necessary, some actual injury is required in order to state an Eighth Amendment violation").

6

Brookings v. Wissota Promoters Assoc., Inc., 142 F.Supp. 2d 1149, 1151 (D.N.D. 2000). Moreover, in the present context, a request for injunctive relief must always be viewed with great caution because judicial restraint is especially called for in dealing with the complex and intractable problems of jail administration. E.g., Goff v. Harper, 60 F.3d at 520; see also Bacon v. Taylor, 419 F. Supp. 2d 635, 638 (D. Del. 1996) (adding that, when a request for injunctive relief entails court interference with a state prison's administration, the court must consider the principles of federalism in determining the availability and scope of equitable relief); Bell v. Pollack, No. 07-CV-00496, 2008 WL 4923755, at *2 (disfavoring preliminary injunctions that alter the status quo or afford the movant with all of the relief he could recover at the conclusion of trial).

### 1. Request for Mandatory Relief

Plaintiff demands mandatory relief, claiming that he stands to suffer irreparable harm should he continue to be denied surgery on his foot. Specifically, he asserts that he is at risk for "losing second toe due to no bone reattachment, nicking aorta and bleeding out internally, and the four screws giving way and fracturing the bone and the nerves more." (Docket No. 44). Defendants respond plaintiff's claim is overstated and otherwise lacks support in the record.

Based on what is now before the court, plaintiff has failed o carry his burden and demonstrate the threat of irreparable ham. "To constitute irreparable harm, an injury must be certain, great, actual and not theoretical." See Heideman v. S. Salt Lake City, 348 F.3d 1182, 1189 (10th Cir. 2003). "Irreparable injury is established by showing that Plaintiff will suffer harm that 'cannot be redressed by a legal or an equitable remedy following trial.'" Crawford v. While, No. 14–CV–1682 , 2014 WL 4639933, at *3 (M.D. Pa. Sept. 16, 2014) (quoting Instant Air Freight Co. v. C.F. Air Freight, Inc., 882 F.2d 797, 801 (3d Cir. 1989)).

7

Here, plaintiff is seeking resolution of the ultimate issue presented in his complaint, which makes his demand for preliminary relief particularly problematic. See McCullon v. Saylor, No. 3:12–CV–445, 2012 WL 1393039, at *4 (M.D. Pa. March 19, 2012); see also Anderson v. Davila, 125 F.3d 148, 156 (3d Cir. 1997) ("The purpose of a preliminary injunction is to preserve the status quo, not to decide the issues on their merits."). Moreover, plaintiff has failed to demonstrate a certainty of irreparable harm pending trial.

The letter from Dr. Slann does not indicate that, absent surgery, plaintiff will lose toes, bleed out, or suffer nerve damage. Rather, it outlines the nature of plaintiff's foot injury, the fracture of a bone in his foot, which occurred years ago; the fact that two attempts at surgical repair (with the most recent being some six or seven years ago) have not been successful, given the current nonunion of the fracture; and the fact that bone is currently being held in place by previously installed hardware. And, while the letter expresses concern about how long the fractured bone can be maintained in its current alignment, advises that "movement of the bone and hardware" and the "inability of the bone to bear weight" is causing plaintiff some pain, and recommends corrective surgery, the letter does not state that the need for surgery is immediate or that there is nothing that can be done in the short term while plaintiff is in pretrial custody to (1) guard against further injury (such providing plaintiff with a walker or placing him in a wheel chair), and (2) provide him with palliative relief, *e.g.,* anti-inflammatory and analgesic medications.

"Failure to show irreparable harm is an independently sufficient ground upon which to deny a preliminary injunction." Watkins, Inc. v. Lewis, 346 F.3d 841, 844 (8th Cir. 2003); see also Dataphase Systems, Inc., 640 F.2d at 114 n. 9 (8th Cir. 1981) ("[T]he absence of a finding of irreparable injury is alone sufficient ground for vacating the preliminary injunction."). "The basis

8

of injunctive relief in the federal courts has always been irreparable harm and inadequacy of legal remedies." Bandag, Inc. v. Jack's Tire & Oil, Inc., 190 F.3d 924, 926 (8th Cir. 1999) (quoting Beacon Theatres, Inc. v. Westover, 359 U.S. 500, 506–07 (1959)). "When there is an adequate remedy at law, a preliminary injunction is not appropriate." Watkins, Inc. v. Lewis, 346. F.3d at 844. Because plaintiff has failed show irreparable harm and there is an adequate remedy at law should he ultimately prevail, his request for mandatory relief should be denied.

### 2. Request for Relief Based on New Assertions of Mistreatment

In addition to requesting the court to order defendants to immediately schedule him for surgery, plaintiff also requests that the court enjoin defendants from engaging in alleged retaliatory conduct such as losing his mail, opening his legal mail, denying him access to educational opportunities, denying him access to books, and unnecessarily moving him within the WCCC.

Plaintiff's latter request has nothing to do with preserving the court's decision-making over the merits of his claim for deliberate indifference to his medical needs. Rather, his request is based on new assertions of mistreatment. "Although these new assertions might support additional claims against the same prison officials, they cannot provide the basis for a preliminary injunction in this lawsuit." Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994).

### III. CONCLUSION AND RECOMMENDATION

The undersigned recommends that plaintiff's motion for leave to amend his pleadings and for the issuance of a preliminary injunction (Docket No. 42) be **DENIED**.

### NOTICE OF RIGHT TO FILE OBJECTIONS

Pursuant to D.N.D. Civil L.R. 72.1(D)(3), any party may object to this recommendation within fourteen (14) days after being served with a copy of this Report and Recommendation.

Failure to file appropriate objections may result in the recommended action being taken without further notice or opportunity to respond.

Dated this 9th day of December, 2014.

*/s/ Charles S. Miller, Jr.*
Charles S. Miller, Jr., Magistrate Judge
United States District Court