# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA
# NORTHWESTERN DIVISION

| | | |
|---|---|---|
| Isaac T.L. Gould, Sr., | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| Williams County, et. al., | ) | Case No. 4:14-cv-018 |
| | ) | |
| Defendants. | ) | |

Plaintiff was a pretrial detainee at the Williams County Correctional Center ("WCCC") when he initiated this action. He has since been transferred to the North Dakota State Penitentiary ("NDSP"). On August 27, 2015, he filed what the court construes as a motion requesting appointment of counsel, an extension of time to respond to defendants' Motion for Summary Judgment, subpoenas, and a status conference.

## I.       REQUEST FOR APPOINTMENT OF COUNSEL

Plaintiff requests that the court appoint counsel to assist him with trial preparation. As the court has advised in its orders denying plaintiff's three previous requests for court-appointed counsel, he is not constitutionally entitled to appointed counsel. Moreover, his particular circumstances do not warrant the appointment of counsel at this time. His request is therefore **DENIED** without prejudice.

## II.      REQUEST FOR ADDITIONAL TIME

Plaintiff next requests additional time to submit his response to a Motion for Summary Judgment filed by defendants on August 3, 2015. Plaintiffs' request is **GRANTED**; plaintiff will

1

have until October 9, 2015, to file a response to defendants' motion. The court shall next address plaintiff's request for subpoenas.

### III.     REQUEST FOR SUBPOENAS

First, "[p]laintiff's status as a pro se litigant proceeding *in forma pauperis* does not relieve him of the obligation to comply with the Rules governing discovery." Hanson v. Director, O.D.R.C., No. 2:12-cv-773, 2013 WL 1915109, at * 1 (S.D. Ohio May 8, 2013). Second, the issuance of subpoenas to a prisoner raises several concerns: (1) the possibility that the prisoner may abuse of the court's subpoena power; and (2) the viability of subpoenas as a tool for evidence collection given the prisoner's custodial status. Before the court the will authorize the issuance of subpoenas to a prisoner, it typically requires that the prisoner first provide some or all of the following information: (1) the name and address of the person (or entity) to whom each subpoena will be directed; (2) the purpose for each subpoena; (3) the prisoner's wherewithal to conduct any proceeding for which the subpoenas might be issued; (4) the prisoner's ability to tender any witness and other fees that may be required for the subpoenas; and (5) if other means of discovery are available, a demonstration by the prisoner that these other means are neither practical nor likely to result in the production of the needed information. Third, a party's ability to use a subpoena duces tecum is circumscribed by the relevance standards of Federal Rule of Civil Procedure 26(b)(1) and by the court's duty to ensure that a subpoena does not impose "undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(c)(1).

Here, plaintiff wants to subpoena 14 individuals, none of whom are parties to this action. Athough plaintiff has provided the court with the names and addresses of these individuals, he has not explicitly articulated the purpose of the subpoenas or otherwise demonstrated that the materials

he seeks from these individuals are neither equally available to him nor obtainable from defendants. Unless and until he provides this additional information, the court is not inclined to authorize the issuance of these subpoenas.

In addition to aforementioned 14 individuals, plaintiff wants to subpoena the following from the Williams County Correctional Center ("WCCC"): his complete medical file; a list of all individuals detained at the WCCC from August 8, 2013, through February 19, 2015; and "[a]ll emails from the W.C.C.C. Turnkey kiosk email system." (Docket No. 72). As it is less than clear at this point whether he used other means of discovery at this disposal (requests for production, etc.) to obtain the records he seeks, the court is likewise not inclined authorize issuance of these subpoenas.

Finally, plaintiff wants to subpoena his medical records from the North Dakota Department of Corrections and Rehabilitation. At this point is it not readily apparent how these records are relevant or whether they are obtainable from another source. Consequently, the court will not authorize the issuance of this subpoena.

In sum, plaintiffs' subpoena requests are **DENIED** without prejudice.

IV.     **REQUEST FOR STATUS CONFERENCE**

Plaintiff appears concerned that defendants are consulting or otherwise sharing information about this case with individuals who had either criminally prosecuted him in the past or were in the midst of criminally prosecuting him at the time he initiated this action.. For example, in a "Proposed Amended Supplement" filed on July 29, 2015, plaintiff avers:

> Defense counsel has continued to include two parties to this case when in their absence; the court could accord complete relief among existing parties. The names of these two individuals are; Marlyce Wilder and Jeff McQueen. Marlyce Wilder is the prosecuting attorney in Plaintiff's lower court criminal and civil cases. Jeff

3

> McQueen is not of any interest to any proceedings associated with the Plaintiff in the above entitled matter. There was no notice or motion(s) to join these two as parties in this civil matter. One can deduce that there is a push for pressure on Marlyce Wilder to prosecute with malicious intent the Plaintiff in his lower criminal and civil cases. Plaintiff has made two formal written complaints about this matter; once to Magistrate Judge Charles S. Miller, Jr. And once to Honorable Judge Daniel Hovland. Defense counsel made a change in the way they have continued communicating information from this civil case to both the individuals listed above. Defense counsel's actions shows that there is malicious intent in that they are communicating with the prosecuting attorney(s) in plaintiff's lower court case creating a "conflict of interest."

(Docket No. 62) (errors in original). In the instant motion, he avers: "Also, in my last 'proposed amended supplement,' I filed for 'Misjoinder of Parties' by defendants and would like to set up a time to speak with the judge on why he totally ignored that problem." (Docket No. 72).

The existence of this litigation is a matter of public record as are the parties' respective filings. The fact that defense counsel may keep others apprised of the status of this action or otherwise copy them on correspondence is not prohibited and does not constitute joinder. Hence, there is no need to convene a status conference to address this matter. Plaintiff's request for a status conference is therefore **DENIED**.

**IT IS SO ORDERED.**

Dated this 1st day of September, 2015.

*/s/ Charles S. Miller, Jr.*
Charles S. Miller, Jr., Magistrate Judge
United States District Court